UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT PITTMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0120** |
| **MARLIN GUSMAN, ET AL** | **SECTION "N"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I. Factual Summary

The plaintiff, Robert Pittman ("Pittman"), filed this complaint, with counsel, pursuant to Title 42 U.S.C. § 1983 and state tort law. Pittman named as defendants Orleans Parish Criminal Sheriff Marlin Gusman, unidentified sheriff's deputies, the City of New Orleans, the State of Louisiana through the Department of Public Safety and Corrections ("DOC"), and DOC Secretary Richard Stalder. Pittman seeks to recover monetary damages for his alleged untimely evacuation from the Orleans Parish Prison system and for the unsafe conditions of confinement he endured which he claims to be a result of the defendants' negligence and/or intentional acts at the time of Hurricane Katrina.

## II. Procedural Background

On March 29, 2006, the District Court granted Pittman's "Unopposed Voluntary Motion for Partial Dismissal without Prejudice" dismissing the State of Louisiana and Richard Stalder without prejudice from this action.[1] The District Court granted a similar motion on September 14, 2006, which was filed by Pittman to dismiss the City of New Orleans.[2] Remaining before the Court are the claims urged against Sheriff Gusman and the unidentified sheriff's deputies.

On December 20, 2006, this Court issued an Order setting a scheduling conference for January 30, 2007.[3] The Order was sent to plaintiff's counsel by the Clerk of Court.

However, on December 29, 2007, the District Court allowed Pittman's counsel to withdraw from the case.[4] In the Motion to Withdraw, counsel indicated that he had unsuccessfully attempted to contact the plaintiff over the course of several months at addresses and telephone numbers known to him.[5] He also provided the Court with the two alternative addresses and phone numbers.[6]

In an effort to conduct the Scheduling Conference, the Court attempted to contact the plaintiff on January 30, 2007, by telephone at the numbers provided by former counsel.[7] The plaintiff was not contacted at either number. The Court, however, reached the plaintiff's mother at

---

[1] Rec. Doc. Nos. 12, 13.

[2] Rec. Doc. Nos. 23, 25.

[3] Rec. Doc. No. 27.

[4] Rec. Doc. Nos. 29, 30.

[5] Rec. Doc. No. 29.

[6] *Id.*, at p. 1-2.

[7] Rec. Doc. No. 31.

the Chicago, Illinois, number. She advised the Court that she had not heard from her son since March of 2006.[8]

By Order issued February 2, 2007, the Court cancelled the scheduling conference and ordered the plaintiff to contact the Court within ten days to advise the Court of his current address.[9] At the Court's instruction, the Clerk of Court sent a copy of the Order to Pittman at his last known address at 8444 South Carpenter Street, Chicago, Illinois, 60620-3303.[10] The envelope has not been returned as undeliverable. The plaintiff has failed to comply with this order or otherwise contact the Court.

On April 11, 2007, the Court issued a Call Docket Order directing the plaintiff to show cause on or before May 2, 2007, why his claims against the defendants should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).[11] This order was mailed to the plaintiff by the Clerk of Court and the envelope has not been returned as undeliverable. The plaintiff has failed to comply with this order or otherwise contact the Court.

### III.   Analysis

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *See* Fed. R. Civ. P 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a

---

[8]*Id.*

[9]*Id.*

[10]*Id.*

[11]Rec. Doc. No. 13.

claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is now proceeding without counsel and is responsible for the prosecution of his case.

The Clerk of Court sent copies of the Court's prior orders to Pittman at his last confirmed address. The Uniform Louisiana Local Rules applicable to this Court requires that a *pro se* plaintiff provide the Court with a current address or face dismissal of the case. *See* L.R. 41.3.1E.

Pittman has not notified the Court of a change of address, change of telephone number or any other means of contacting him. He also failed to make himself available for the January 30, 2007, Scheduling Conference and has failed to reply to the Court's Call Docket Order. Accordingly, dismissal of Pittman's claims is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Pittman's Title 42 U.S.C. § 1983 and state tort claims against Sheriff Gusman and the unidentified sheriff's deputies be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ____27th____ day of _____June_____, 2007.

                                              **KAREN WELLS ROBY**
                                       **UNITED STATES MAGISTRATE JUDGE**